UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

******************************************

Robert George, Michael Curvin,
Mark Bassett, Kevin Colvin,
Kevin Freeman, Justin Kordas,
Carlos Villarreal, Paul Dockett,
Jon Eldridge, Chris Myers,
Zef Zeka, Paul LeDoux
Erik Paiva, Jeffrey David,
and Chris Mirisola

  Individually and on behalf
of all others similarly situated,

    Plaintiffs        DKT. NO. 1:10-CV-10289

vs.

National Water Main Cleaning Co. &
Carylon Corp.

    Defendants
******************************************

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A QUESTION OF LAW TO THE MASSACHUSETTS SUPREME JUDICIAL COURT REGARDING THE INTEREPRATION OF MASS. GEN. LAWS CH. 149, §§ 26-27, OR IN THE ALTERNATIVE TO CERTIFY THE QUESTION TO THE FIRST CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 1292(b).</u>**

  This is the Plaintiffs' memorandum of law in support of their motion to certify a question of law to the Massachusetts Supreme Judicial Court or First Circuit Court of Appeals regarding the interpretation of M.G.L. c. 149, §§ 26-27. For the reasons set forth herein, the Plaintiffs' motion should be **<u>ALLOWED</u>**.

**<u>INTRODUCTION/PROCEDURAL HISTORY</u>**

  On September 27, 2012, this Court, *inter alia*, granted the Defendants' motion for judgment on the pleadings as to the Plaintiffs' RICO claim (Count 12), and breach of contract

(Count 10) and unjust enrichment (Count 11) claims arising under Massachusetts law. See Memorandum and Order dated September 27, 2012 ("Order") (docket no. 103) at p. 37.[1]

As to the Plaintiffs' breach of contract and unjust enrichment counts, the Court held that they were preempted by M.G.L. c. 149, §§ 26-27 (the Massachusetts prevailing law), holding in relevant part, "[t]he Named Plaintiffs are exclusively in the bounds of the benefits and limitations provided by [the Massachusetts prevailing wage law] . . . ." Id. However, in so holding, the Court noted that there are conflicting opinions on the issue within the First Circuit and also a lack of Massachusetts cases addressing the issue. Id. at 36; quoting Tomei v. Corix Utils. (U.S.) Inc., No. 07-cv-11928-DPW, 2009 WL 2982775 at *19 (D. Mass. 2009) (holding that employee could maintain a "separate third party beneficiary contract claim" but noted that "[n]either party has cited, and I have not found, any Massachusetts cases which confront the issue of preclusion for the prevailing wage statute").

Accordingly, the Plaintiffs now request that this Court certify the question regarding the interpretation of M.G.L. c. 149, §§ 26-27 to the Massachusetts Supreme Judicial Court ("SJC") or in the alternative certify the question to the First Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

## QUESTION FOR CERTIFICATION

Does M.G.L. c. 149, §§ 26-27 preempt common law claims, including claims for breach of contract or unjust enrichment?

---

[1] The Court granted Defendants' motion for judgment on the pleadings only as to the Plaintiffs' common law claims alleged under Massachusetts law, noting that it did not grant the motion with respect to common law claims under Connecticut or Rhode Island law because the defendants did not provide any argument "as to how those states' statutes interact with the common law of those states." Id. at fn. 14.

**ARGUMENT**

I. **This Court Should Certify the Question Presented to the Massachusetts Supreme Judicial Court.** [2]

Pursuant to First Circuit authority and Massachusetts Supreme Judicial Court ("SJC") Rule 1:03, this Court has broad authority to certify questions to the Supreme Judicial Court. Palandian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986) ("The district court remains free to . . . certify questions to the Supreme Judicial Court . . . as it believes appropriate.") Massachusetts Supreme Judicial Court Rule 1:03 provides that a United States District Court may certify to the Supreme Judicial Court "questions of law of this state which may be determinative of the cause then pending . . . and as to which it appears . . . there is no controlling precedent in the decisions of the [Supreme Judicial Court.]"

Here, the question requested for certification meets this criterion as there is no controlling SJC precedent on the issue, and is determinative of a major portion of the Plaintiffs' case in light of this Court's recent grant of class certification in this matter.

   A. **There is No Controlling Precedent on the Issue.**

In reaching its decision that the Plaintiffs' common law claims were preempted by 149, §§ 26-27, this Court relied predominantly on Massachusetts Superior Court cases that held that the Massachusetts Tips statute (M.G.L. c. 149, § 152A) preempted common law claims. Order at 35-36. However, there remains significant disagreement within the Massachusetts Superior Courts on this issue (and thus the lack of controlling precedent), as noted by Judge Roach in her decision (issued after each of the tip cases cited to by the Defendants and the District Court's

---

[2] If this Court believes the question presented is appropriate for interlocutory review, then between the two alternatives presented by the Plaintiffs, the Plaintiffs assert that the logical choice would be to certify the question to the SJC as the issue arises exclusively out of Massachusetts substantive law (which this Court is obliged to follow pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Order) in Masiello v. Marriott International, Inc., 2010 WL 8344105 (Mass. Super. 2010). In Masiello, the court stated in relevant part:

> [The Plaintiff], however, has the better of the legal argument with respect to common law claims. Several judges of this court have concluded a wait staff plaintiff may simultaneously pursue a violation of the Tips Act and common claims such as those pleaded here. Benoit v. The Federalist, Inc., Suffolk Civ. No. 2004-03516 at *10 (June 30, 2006) (Locke, J.); Calgagno v. High Country Investor, Inc., Essex Civ. No. 2003-0707 at 11-12 (Dec. 20, 2005) (Murtagh, J.); Michalak v. Boston Palm Corp., 2004 WL 2915452 *1, *4 (Hines, J.) [18 Mass. L. Rptr. 460]; Williamson v. DT Mgmt., Inc., 2004 WL 1050582 * 12, *14 (Haggerty, J.) [17 Mass. L. Rptr. 606]. An existing common-law remedy is not eliminated by statute, unless by direct enactment or necessary implication. Eyssi v. Lawrence, 416 Mass. 194, 200, 618 N.E.2d 1358 (1993) ; Comey v. Hill, 387 Mass. 11, 19, 438 N.E.2d 811 (1982) (legislative intent must be manifest). And, where the Legislature intends to enact an exclusive remedy, it knows how to use specific language to do so. See for example G.L. c. 238, Section 2; G.L. c. 152 Section 24; and G.L. c 151B Section 9. I cannot see that it has done so here.
>
> . . . .
>
> I am of course aware that more than one judge of this court, including Judge Henry, has ruled in the opposite direction on those claims. Depina, at 19; Godt v. Anthony's Pier 4, Inc., Suffolk Civ. No. 2007-3919, at *11 (March 24, 2009) (Hinkle, J.); Mouiny, at *15.

Id. at 3.

Moreover, and as this Court explicitly acknowledged in its Order, there are no Massachusetts state cases that discuss the issue of whether the Massachusetts prevailing wage statutes preempt common law claims. Order at 36 (quoting Tomei, at *19). Finally, in light of this Court's Order, there now exists a conflict within the First Circuit given this Court's interpretation of the issue and Judge Woodlock's interpretation in Tomei. Accordingly, the

4

Plaintiffs have established that there is a lack of controlling precedent (and competing opinions) on the question presented for certification to the SJC.

### B. The Question Presented for Certification is "Determinative of the Cause Pending" in this Matter.

SJC Rule 1:03's requirement that the question presented must be "determinative of the cause pending" is conceptually similar to the requirement for interlocutory review pursuant to U.S.C. § 1292(b) that, among the statute's requirements, the question presented must involve a "controlling question of law." In this regard, this Court has held that a question of law is controlling where the resolution of the issue has a material affect on the litigation in the district court. Phillip Morris, Inc. v. Harshbarger, 957 F.Supp. 327, 330 (D. Mass. 1997) (quoting Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation), 673 F.3d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.").

Here, "resolution of the [question presented by the Plaintiffs] on appeal **could materially affect** the outcome of the litigation" in this matter. Id. If the SJC were to rule that M.G.L. c. 149, §§ 26-27 does not preempt common law claims it would expand the class period from December 7, 2006 to December 7, 2003 – an additional three years. As a result, this would substantially alter not only the potential amount of recoverable damages, but more importantly, will alter the size of the class and include significant additional class members. Given that the Plaintiffs are now in the process of preparing class notice (pursuant to this Court's Order), immediate review of the question presented is necessary in order to determine the scope of the class notice. Moreover, if the Plaintiffs are required to wait until entry of final judgment in this matter to appeal the question presented, it will make any settlement talks a virtual impossibility. Finally,

this Court has also held that "preemption is an issue naturally appropriate for interlocutory appeal . . . ." Phillip Morris, 957 F.Supp. at 330.

Accordingly, the Plaintiffs have established that the question presented for certification is determinative of the cause pending in this matter.

## CONCLUSION

This question is an appropriate candidate for certification because of the importance of the issue, the ambiguity in the statute, and the lack of state court guidance. It is of critical importance because the question for certification is one of pure statutory interpretation, which the Supreme Judicial Court, as "final arbiter of the meaning of [state] statute[s]," is best suited to answer. Barr v. Galvin, 626 F.3d 99, 107 (1st Cir. 2010) (quoting Acadia Ins. Co. v. McNeil, 116 F.3d 599, 604 (1st Cir. 1997))

For the foregoing reasons, Plaintiffs respectfully request that the Court certify to the Massachusetts Supreme Judicial Court the question of whether M.G.L. c. 149, §§ 26-27 preempts common law claims, including claims for breach of contract and/or unjust enrichment.[3]

---

[3] If for whatever reason this Court determines that certification of this question to the First Circuit Court of Appeals is a more favorable route, it can do so pursuant to U.S.C. § 1292(b) if this Court determines that the question presented involves: "1) a control question of law, 2) as to which there is grounds for a substantial difference of opinion and 3) where an immediate appeal may materially advance the ultimate termination of the litigation .Id. This standard essentially requires the same showing as certification to the SJC requires, and thus, for the reasons articulated above, certification of the question presented to the First Circuit Court of Appeals would also be appropriate.

Respectfully submitted,
Robert George, Michael Curvin,
and others
on behalf of themselves
and all others similarly situated,

By their attorneys,

/s/ Adam J. Shafran_____
F. Henry Ellis, III, BBO#556859
fhe@ellis-shafran.com
Adam J. Shafran, BBO#670460
ajshafran@ellis-shafran.com
Ellis & Shafran
4 Pearl Street
Dedham, Massachusetts 02026
781-329-1157
781-459-0082 fax

Date: October 24, 2012

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 24, 2012.

/s/ Adam J. Shafran
Adam J. Shafran