UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Robert George, et al**

    **Individually and on behalf
of all others similarly situated,**

        **Plaintiffs**                        DKT. NO. 1:10-CV-10289

**vs.**

**National Water Main Cleaning Co., et al**

        **Defendants**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT STATUS REPORT AND REQUEST FOR REFERENCE TO
MASSACHUSETTS SUPREME JUDICIAL COURT**

Pursuant to the Court's Order dated April 11, 2016, granting Plaintiffs' Motion to Reopen Case, Parties hereby submit the following Joint Status Report:

1.    Plaintiffs Robert George and Michael Curvin commenced this lawsuit on December 7, 2009 in the Massachusetts Superior Court, Norfolk County.  Defendants removed the case to this Court on February 9, 2010.  In the lawsuit, Plaintiffs asserted claims pursuant to the Massachusetts Prevailing Wage Act (M.G.L. c. 149, §§ 26-27), the Massachusetts Minimum Wage Law,  (M.G.L. c. 151, § 1A), the Massachusetts Payment of Wages Law  (M.G.L. 149, § 148), as well as similar statutory claims under Connecticut and Rhode Island law, and sought allegedly unpaid wages, treble damages pursuant to M.G.L. ch. 149, § 150, and statutory interest, among other relief.[1]

2.    On February 23, 2016, this Court granted the parties' Joint Motion for Final Approval of Class Action Settlement, and entered final judgment in this matter.  *See* Docket nos.

---

[1] Plaintiffs also asserted claims for breach of contract and unjust enrichment, as well as claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, (18 U.S. C. § 1961 et seq.), but those claims were dismissed by the Court on September 27, 2012. *See* Docket no. 103.

26889298v.1

2

278 and 279. The Parties' amended settlement agreement ("Agreement"), as approved by the Court, resolved all issues in the case except for Plaintiffs' claim for interest. The Agreement allowed Plaintiffs to move to re-open the case pursuant to Fed. R. Civ. P. 60(b)(6) within a certain period after the effective date to obtain a determination of single outstanding issue in the case, whether statutory interest is available if liquidated (treble) damages are awarded pursuant to M.G.L. ch. 149, § 150.[2]

3.      On April 8, 2016, Plaintiffs filed a timely, unopposed motion to reopen the case pursuant to the terms of the Agreement. *See* Docket no. 280. The Court granted that motion on April 11. 2016.

4.      At this time, the Parties have agreed to ask the Court to certify the interest issue to the Massachusetts Supreme Judicial Court ("SJC").[3] Accordingly, the Parties now respectfully request that the Court refer the following question to the SJC pursuant to S.J.C. Rule 1:03:

> Is statutory interest pursuant to M.G.L. ch. 231, § 6B, or M.G.L. ch. 231, §6C, available under Massachusetts law when liquidated (treble) damages are awarded pursuant to Mass. Gen. Laws ch. 149, § 150?

Respectfully submitted,

| Plaintiffs | Defendants |
|---|---|
| By their attorneys, | By their attorneys |
| /s/ Adam J. Shafran_____ | /s/ Richard L. Alfred_____ |
| Adam J. Shafran, BBO#670460 | Richard L. Alfred, BBO#015000 |
| Jonathon D. Friedmann, BBO#180130 | Jessica Schauer Lieberman BBO#669677 |
| Rudolph Friedmann LLP | Seyfarth Shaw LLP |
| 92 State Street | Two Seaport Lane, Suite 300 |
| Boston, MA 02109 | Boston, MA 02210-2028 |
| 617-723-7700 | 617-946-4800 |

---

[2] The Parties had initially intended for re-opening of the lawsuit to be dependent on the outcome of a separate case that raised similar issues concerning interest and treble damages, *Travers v. Flight Services & Systems, Inc.*, Nos. 14-1756, 14-1745 (1st Cir.) The First Circuit referred the interest issue in *Travers* case to the SJC, but the case settled shortly thereafter. The Parties amended the Agreement to permit Plaintiffs to re-open the case within ten business days after the effective date of the settlement.

[3] The Agreement permitted either party to elect to "request that the Court refer the issue to the SJC pursuant to SJC Rule 1:03."

2

26889298v.1

## **CERTIFICATE OF SERVICE**

    I, Jessica S. Lieberman, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 9, 2016.

                                            /s/ Jessica S. Lieberman
                                            Jessica S. Lieberman

26889298v.1